IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| KELCEY ROSWELL THORPE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | 5:15-CT-3016-FL |
| MARCUS BARROW, SERGEANT GWYNN, D.A. ELLIOTT, and JEFFREY MACIALEK, | ) ) ) | |
| | ) | |
| Defendants.[1] | ) | |


| | | |
|---|---|---|
| KELCEY ROSWELL THORPE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | 5:15-CV-511-FL |
| MARCUS BARROW, SERGEANT GWYNN, JEFFREY MACIALEK, and D.A. ELLIOTT, | ) ) ) | |
| | ) | |
| Defendants.[1] | ) | |

**<u>ORDER</u>**

This matter is before the court on defendants' partial motion to dismiss (DE 56) and plaintiff's motion to proceed (DE 61). The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, this court grants in part and denies in part defendants'

---

[1] The court has constructively amended the caption of this order to reflect dismissal of previously-named defendants. Previously-named defendants John Doe Police Officers, Melissa D. Penfrey, Michael Waters, and E. N. Bagshawe were terminated on December 7, 2016.

motion and denies as moot plaintiff's motion.

## BACKGROUND

On January 15, 2015, plaintiff filed this action, pro se, pursuant to 42 U.S.C. § 1983. On July 22, 2015, this court conducted a frivolity review pursuant to 28 U.S.C. § 1915. This court determined that plaintiff's claim based on illegal arrest and incarceration was barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner may not maintain a § 1983 action for damages for an allegedly unconstitutional conviction without first showing his conviction or sentence has been reversed, expunged, declared invalid, or otherwise called into question).[2] This court allowed plaintiff's excessive force claim to proceed. The John Doe defendants, described with only "vague descriptions," were dismissed without prejudice. Plaintiff's action against defendant Marcus Barrow, because it was based on a theory of respondeat superior, was dismissed without prejudice. Plaintiff was allowed to proceed with his excessive force claim against the remaining defendants.

Plaintiff filed several motions to amend his complaint. On April 6, 2016, this court granted the motions to the extent that they elaborated on plaintiff's excessive force claim against Sergeant Gwynn,[3] D.A. Elliott, and Jeffrey Macialek. In all other respects, the motions were denied without prejudice on the basis that amendment would be futile.

On November 15, 2016, this court, sua sponte, addressed the following actions pursuant to Federal Rule of Civil Procedure 42(a): Thorpe v. Barrow, No. 5:15-CT-3016-FL (E.D.N.C. filed on

---

[2] After this court conducted its initial frivolity review, plaintiff's conviction in the underlying state prosecution was vacated by the Superior Court of Vance County, North Carolina because "the grand jury did not find a true bill on the bills of indictment." See (DE 34-1) at 1.

[3] Plaintiff named "Sergeant Gwynn" as a defendant. Defefendants represent that they believe plaintiff is presumed to have named "Lieutenant Gwinn." See Part. Mot. Dismiss (DE 56) at 1.

2

Jan. 15, 2015) ("Thorpe I") and Thorpe v. Barrow, No. 5:15-CV-511-FL (E.D.N.C. filed on September 29, 2015) ("Thorpe II"). This court granted plaintiff's Federal Rule of Civil Procedure 59(e) motion with respect to Thorpe II, vacated its prior judgment, and directed the Clerk of Court to reopen the case. Due to the "substantial similarity" of plaintiff's claims challenging the legality of his arrest and incarceration, as asserted in Thorpe I and Thorpe II, this court reinstated the claims in both cases. This court consolidated Thorpe I and Thorpe II, directed that all future filings bear both captions, and directed that all future docket entries be docketed in the lead case, Thorpe I. Plaintiff was directed to particularize this action and file one amended complaint, in Thorpe I, within 14 days. Plaintiff was advised that this court would conduct a review of the amended complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), once it was filed.

On November 29, 2016, plaintiff filed his amended complaint. On December 7, 2016, this court conducted a frivolity review of plaintiff's amended complaint pursuant to 28 U.S.C. § 1915. Former defendant E. N. Bagshawe, the attorney who represented plaintiff during his state criminal proceedings, was dismissed without prejudice because plaintiff failed to allege facts tending to establish that he was a state actor. With respect to former defendants Michael Waters and Melissa D. Pelfrey, the state prosecutors involved with plaintiff's state criminal proceedings, they were dismissed without prejudice because plaintiff's claims were barred by the doctrine of prosecutorial immunity. Plaintiff's claims against former defendant John Doe Police Officers were dismissed without prejudice. Plaintiff was allowed to proceed on his claims against defendants Marcus Barrow, Sergeant Gwynn, D.A. Elliott, and Jeffrey Macialek for unreasonable seizure and false imprisonment, in violation of the Fourth Amendment to the United States Constitution, and excessive force, in violation of the Fourth and/or Fourteenth Amendment.

On December 21, 2016, defendants filed the instant motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, seeking to dismiss the following: 1) plaintiff's § 1983 claims related to his arrest and incarceration, 2) all of plaintiff's claims against defendant Marcus Barrow, and 3) plaintiff's state law claims. Plaintiff filed a responded in opposition. On January 5, 2017, plaintiff filed his motion to proceed. Defendants responded in opposition.

**DISCUSSION**

A.  Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotations omitted). On a motion to dismiss pursuant to Rule 12(b)(6), courts "may properly take judicial notice of matters of public record." Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180

(4th Cir. 2009).

B.      Analysis

    1.  Partial Motion to Dismiss

        a.      Claims related to arrest and incarceration

Defendants initially move to dismiss plaintiff's § 1983 claims related to his arrest and incarceration. Mot. Dismiss Mem. (DE 57) at 2-5. Section 1983 claims for false arrest and false imprisonment properly are evaluated under the Fourth Amendment to the United States Constitution. See Rogers v. Pendleton, 249 F.3d 279, 294 (4th Cir. 2001) (providing that claims of false arrest and false imprisonment "are essentially claims alleging a seizure of the person in violation of the Fourth Amendment"). To establish a § 1983 claim based on the Fourth Amendment for false arrest or false imprisonment, a plaintiff must show that the seizure was made without probable cause. See Massey v. Ojaniit, 759 F.3d 343, 356 (4th Cir. 2014). "[T]he concept of probable cause defies a precise definition." United States v. Richardson, 607 F.3d 357, 369 (4th Cir. 2010). Probable cause exists when, under the totality of the circumstances, there is a "fair probability" that criminal activity has taken place. Illinois v. Gates, 462 U.S. 213, 246 (1983).

In this case, defendants argue that there are no factual allegations tending to show that they lacked probable cause, and plaintiff has not specifically alleged that defendants lacked probable cause to arrest him. Mot. Dismiss Mem. (DE 57) at 4. Defendants' argument must fail because plaintiff alleges that he was taken to trial "illegally without a true bill indictment." Am. Compl. (DE 53) at 6. Plaintiff also alleges that he served 20 months in prison for a crime he did not commit. Id. Assuming plaintiff's allegations are true and viewing them in a light most favorable to him, plaintiff has sufficiently stated a claim for relief stemming from his arrest and incarceration. Consequently,

5

defendants' motion to dismiss, as it relates to plaintiff's claims regarding his arrest and incarceration, must be denied.

        b.        Claims against defendant Marcus Barrow

Next, defendants move to dismiss plaintiff's claims against defendant Marcus Barrow ("Barrow"). Mot. Dismiss Mem. (DE 57) at 5. Plaintiff alleges that defendant Barrow is the Chief of Police in Henderson, North Carolina. Am. Compl. (DE 53) at 2. Plaintiff further alleges that defendant Barrow engaged in a dereliction of his duties. Id at 5. In particular, defendant Barrow allegedly lied to plaintiff and told him that he would "handle the situation but never did." Id. In fact, in two years, plaintiff only heard from defendant Barrow on two occasions. Id.

Assuming that plaintiff's allegations are true and viewing them in a light most favorable to him, plaintiff has arguably stated a claim against defendant Barrow. In particular, plaintiff has alleged that defendant Barrow was involved with "the situation" and informed plaintiff that he would "handle the situation," implying that defendant Barrow promised to help dismiss plaintiff's charges. Id. at 5. This court will give plaintiff's amended complaint the deference warranted by a pro se pleading. See White v. White, 886 F.2d 721, 722-23 (4th Cir. 1989) (noting that a pro se complaint must be held to less stringent standards than a pleading drafted by an attorney and must be read liberally). As such, defendants' motion to dismiss, as it relates to plaintiff's claims against defendant Barrow, must be denied.

        c.        State law claims

            i.        Plaintiff's allegations

For state law claims, a court is bound to apply state law to all substantive issues. See Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938) (holding that a federal court must apply the law of the

6

forum state when adjudicating non-federal questions). Under North Carolina state law, the caption of a plaintiff's pleading should state in what capacity he intends to hold each defendant liable by stating "in his official capacity" or "in his individual capacity" after each defendant's name. Mullis v. Sechrest, 347 N.C. 548, 554 (1998). "[W]hen the complaint does not specify the capacity in which a public official is being sued for actions taken in the course and scope of his employment, we will presume that the public official is being sued only in his official capacity." White v. Trew, 366 N.C. 360, 360-61 (2013) (emphasis added).

In this case, plaintiff does not indicate in the caption or the body of his amended complaint whether he is suing defendants in their individual or official capacities. See Am. Compl. (DE 53). Moreover, plaintiff's claims against defendants stem from conduct taken in their official capacities. See id. Therefore, defendants have been named in their official capacities only.

      ii.  Governmental immunity

Defendants contend that in their official capacity they are entitled to governmental immunity, and there has been no waiver. Mot. Dismiss Mem. (DE 57) at 8-9. Defendants assert that it is not entirely clear whether plaintiff intends to assert state law claims, but to the extent that the amended complaint is read to assert any state law claims, they are subject to dismissal. Id. at 5 n.1.

"Generally, governmental immunity protects a municipality and its officers or employees sued in their official capacity for torts committed while performing a governmental function; it is well established that law enforcement constitutes a governmental function." Sellers v. Rodriguez, 149 N.C. App. 619, 623 (2002). A governmental entity can waive its immunity by purchasing liability insurance. Id. A plaintiff initiating claims against a governmental entity and its employees acting in their official capacities must allege and establish that the officials have waived their

sovereign immunity or otherwise consented to the lawsuit. Id. If a plaintiff does not do so, he fails to state a cognizable claim. Id.

In this case, plaintiff has not alleged that defendants waived their immunity. See Am. Compl. (DE 53). Therefore, plaintiff has failed to state a cognizable claim against defendants in their official capacities. See Sellers, 149 N.C. App. at 623. Accordingly, plaintiff's state law claims against defendants must be dismissed.

2. Motion to Proceed

The second and final motion before this court is plaintiff's motion to proceed (DE 61). In his motion, plaintiff requests that his claims not be dismissed. Id. at 7. Plaintiff represents that he is an innocent, law-abiding citizen who simply wants justice to be served. Id. Plaintiff requests that this court subpoena the documents and people he has requested. Id. at 8-10.

A district court is afforded broad discretion with respect to discovery. Seaside Farm, Inc. v. United States, 842 F.3d 853, 860 (4th Cir. 2016). In fact, a trial court's discovery rulings are reviewed for abuse of discretion. United States ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002) (citing Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc., 43 F.3d 922, 929 (4th Cir. 1995)).

In this posture, a new case management order is necessary. The Clerk of Court is DIRECTED to enter a new case management order. Consequently, plaintiff's motion to proceed (DE 61) must be denied as moot.

**CONCLUSION**

In summary, this court ORDERS as follows:

1) Defendants' partial motion to dismiss (DE 56) is GRANTED in part and DENIED

8

in part;

2) Defendants' motion is GRANTED to the extent that plaintiff's state law claims against the remaining defendants are dismissed;

3) Defendants' motion is DENIED to the extent that it relates to plaintiff's claims regarding his arrest and incarceration and all claims against defendant Marcus Barrow;

4) The Clerk of Court is DIRECTED to enter a new case management order; and

5) Plaintiff's motion to proceed (DE 61) is DENIED as moot.

SO ORDERED, this the 15th day of August, 2017.

                                            LOUISE W. FLANAGAN
                                            United States District Judge